# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IN RE:

JOHN W AVILA
JENNIFER J AVILA

Case No. 14-37715
Chapter 13

DEBTOR(S),

Judge LaShonda A. Hunt

## AGREED ORDER PROVIDING FOR STAY RELIEF UPON DEFAULT

**THIS CAUSE** coming on to be heard on the motion of ANDIGO CREDIT UNION (hereinafter, "Creditor"), for property located at and commonly known as 3714 Oriole Lane, Rolling Meadows, IL, the Court having jurisdiction over the subject matter:

**IT IS HEREBY ORDERED:**

1. That beginning with the first payment due after filing, the debtor must commence making timely post-petition payments continuing throughout the pendency of the bankruptcy;

2. That a payment is considered "timely", if the full payment is received in the office of Creditor on or before the 15th day of the month in which it is due and a late charge is due on all payments received after the 15th day of the month (this provision applies only to the triggering of this order and does not affect what constitutes currency of the loan post-petition);

3. That if Creditor fails to receive two "timely" post-petition monthly mortgage payments and if the debtor fails to bring the loan post-petition current within fourteen (14) calendar days after mailing notification to the Debtor and his attorney, the stay shall be automatically terminated as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

4. That the Debtor shall make "timely" Chapter 13 plan payments to the trustee beginning with the first payment due the trustee under the plan and continuing monthly thereafter;

5. That a payment to the trustee is considered "timely" if the full monthly payment is received in the office of the standing trustee on or before the 15th day of the month in which it is due;

6. That if the Debtor fails to make two "timely" trustee plan payments and if the debtor fails to bring the Chapter 13 plan payments completely current within fourteen (14) calendar days after mailing notification to the Debtor and her attorney, the stay shall be automatically terminated as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

7. Creditor's post-petition bankruptcy fees and costs are allowed and may be added to the indebtedness secured by the subject mortgage;

8. In the event that Creditor should have to send out any Notices of Default, Creditor may include up to $100 per notice, as additional attorney fees, that the Debtor must pay in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period set forth in the Notice;

9. Upon dismissal, discharge, chapter conversion, or relief from stay, the foregoing terms and conditions shall cease to be binding, payments will be due pursuant to the terms of the original loan agreement and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Real Property and/or against Debtors.

/s/ Grant W. Simmons

Attorney for Creditor

/s/ Michelle E. Mandroiu

Attorney for Debtor

ENTER:

DATED: **2 6 AUG 2019**

_____
UNITED STATES BANKRUPTCY JUDGE

Berton J. Maley ARDC#6209399
Rachael A. Stokas ARDC#6276349
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
Brenda Ann Likavec ARDC#6330036
Karl V. Meyer ARDC#6220397
Grant W. Simmons ARDC#6330446
CODILIS & ASSOCIATES, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**File (14-19-02057)**